Keith T. Koske Director Real Estate Commission 1776 Logan Denver, CO 80203
Dear Mr. Koske:
Your request of April 15, 1980, for an attorney general's opinion has been received by this office.
Your questions concern the registration required of subdivision developers and the applicability of an exemption from registration.
QUESTIONS PRESENTED AND CONCLUSIONS
Your questions ask:
a. Are all developers whose subdivisions have been platted and the plat recorded with the county or municipality, exempt from the registration requirements of C.R.S. 1973, 12-61-402, as amended, no matter when the plat was recorded?
b. If there is no exemption for developers of subdivisions recorded in a county or municipality before a date certain, what is that date?
 The answer to the first question is "yes" as to those developers who are engaged in the act of creating an initial subdivision, as long as the recording occurred prior to the date on which the exemption is claimed. As to those subdividers who are engaged in a second act of subdividing an existing subdivision, they could claim the exemption only if a second plat were filed and recorded prior to the date on which they claimed the exemption.
 Because of this answer, your second question need not be addressed.
ANALYSIS
C.R.S. 1973, 12-61-402, as amended, sets forth the scope of the Real Estate Commission's jurisdiction over subdivision developers.
The statute requiring registration states:
C.R.S. 1973, 12-61-402(1):
 (1) Unless exempt under the provisions of subsection (2) of this section, a developer, before selling, leasing, or transferring or agreeing or negotiating to sell, lease, or transfer, directly or indirectly, any subdivision or any part thereof, shall register pursuant to this part 4.
On May 25, 1979, Senate Bill 457 was approved and adopted as an amendment to the above statute. It reads as follows:
C.R.S. 1973, 12-61-402(2):
 A developer whose subdivision is regulated by any regional, county or municipal planning commission or other governmental entity regulating subdivisions pursuant to article 28 of title 30 or article 23 of title 31, C.R.S. 1973, is exempt from the registration required under subsection (1) of this section.
Your questions ask whether developers who have performed certain acts (i.e., platting and recording in accordance with county or municipal statutes and regulations) are entitled to claim that they are "regulated" by those jurisdictions and thus exempt from state regulation.
The threshold question then, is, what does "regulation" mean in the context of C.R.S. 1973, 12-61-402(2)? A developer might well ask if the use of this word is intended in 402(2) to mean the same types of conduct described in C.R.S. 1973, 12-61-401(3) (Supp. 1981).
Reduced to its simplest terms, the definition in 401(3) of "subdivision" reads "a group . . . or tract . . . the sale, lease, or transfer of which is not regulated" by regional, county, or municipal authorities. An analysis of the statutory scheme results in the conclusion that in 402(2) "regulation" must mean something broader than rules governing only sale, lease, or transfer.
Pursuant to 12-61-402(1), all subdivisions must be registered. Section 402(2) provides an exemption to those subdivisions which are "regulated" by regional, county, or municipal authorities. Interpreting the exemption to mean that "regulation" in 402(2) constitutes only regulation of sale, lease or transfer of land would result in an exemption for which no subdivider could qualify: a developer would be defined as a subdivider only if the sale, lease, or transfer of his land is not regulated, and yet exempt from registration as a subdivider only if sale, lease, or transfer of land is regulated. Such an interpretation would violate the rule of statutory construction found in C.R.S. 1973,2-4-201: each section of a statute must be given effect.
Therefore, any type of "regulation," not just regulations pertaining to sale, lease, or transfer, must be considered in determining whether or not a subdivider qualifies for the exemption.
You correctly assume that platting and recording constitutes regulation by the process of obtaining approval of the plat prior to recording. Since your questions concern only recording, other forms of regulation are not addressed here. The county subdivision statutory scheme, C.R.S. 1973, 30-28-101, defines "plat" as "a map and supporting materials of certain described land prepared in accordance with subdivision regulations as an instrument for recording of real estate interests with the county clerk and recorder." Once a developer has prepared a preliminary plan, or plat, it is submitted to the board of county commissioners for a review of "sound planning and engineering requirements." After final approval by the county commissioners, filing and recording with county clerk, the developer then has legal authority to transfer, sell, agree to sell or offer to sell the subdivided land. Failure to conform to this statute can result in criminal sanctions or in an injunction. C.R.S. 1973,30-28-110.
Although the municipal statutory scheme in article 23 of title 31 does not define "plat," the word is used to describe a map or plan of a whole or part of a municipal area, including streets, highways, parks, lots, blocks, and other divisions of land. Just as in the county scheme, a developer who fails to obtain approval of the plat, and then to file and record the plat with the county clerk cannot lawfully transfer, sell, agree to sell, or negotiate to sell any of the subdivided land by reference to, use of or exhibition of the plat. C.R.S. 1973, 31-23-216. A developer who does so is subject to criminal penalties and to an injunction. C.R.S. 1973, 31-23-216.
Your questions also concern the timing of recording vis-a-vis the date of the exemption amendment. The amendment took effect on May 25, 1979, the date on which it was approved. Colo. Const. art V
§ 19; art. IV, § 11. Prior to that date, all subdividers, even those who were regulated by other authorities, needed to register with the commission. After that date, those subdividers who were regulated by other authorities were exempt from having to register. If a developer had merely platted his land, but had done nothing to seek approval thereof or to trigger county or municipal regulation prior to May 25, 1979, he would need to maintain his registration with the commission. However, a developer who had platted, been approved, recorded and registered with the commission, would after May 25, 1979 no longer be required to renew his registration, but could claim the exemption. Developers who plat, obtain approval, and record after May 25, 1979, are of course entitled to claim the exemption.
I am assuming that a subdivider who claims an exemption from regulation can establish that he does indeed fit within one of the applicable definitions of "subdivision." Since the county statutory definition of subdivision changed in 1972, it is quite possible that a developer could be within the county definition prior to the change but find himself no longer a subdivider once the definition was changed to exclude him. Such a developer could not today claim the exemption, because he would not be currently regulated by the county.
Your letter also refers to a previous attorney general opinion of September 20, 1979, and to Judge Lohr's district court opinion inKuhne v. Board of county Commissioners for PitkinCounty (Pitkin County District Court, November 7, 1979). Both of these opinions deal with the act of converting an existing structure to a new form of ownership. Both opinions reach the conclusion that the act of conversion to condominium ownership or to time-sharing ownership is not regulated by existing county or municipal statutory regulation. Judge Lohr, without discussing the reasons, concluded that the state subdivision regulations do not reach these activities either. Since this was not the issue raised in Judge Lohr's court, his conclusion as to that aspect is dicta, and is properly subject to re-evaluation.
However, using the points of agreement between the attorney general opinion and Judge Lohr's ruling and the current status of municipal and county regulations, a developer who sought to subdivide an existing structure which had once been platted and recorded would not be regulated by county or municipal governments at the time of the second act of subdividing. Such a developer would not be able to claim the exemption and must therefore register with the commission.
SUMMARY
Exemption from registration as a subdivider must be decided on a case-by-case basis. If a developer establishes that he is being regulated by another governmental agency, either because of his having platted and recorded his subdivision or because of proof of some other form of regulation, then he is exempt from state registration. The time at which such regulation commenced is only relevant insofar as regulation must occur prior to the date on which the subdivider claims the exemption.
Very truly yours,
 J.D. MacFARLANE Attorney General
LAND DEVELOPMENT REAL ESTATE LAND USE
REGULATORY AGENCIES, DEPT. Real Estate Commission
Platting and recording of a subdivision constitutes "regulation" by a county, municipal, or regional governmental agency and qualifies the subdivider for the exemption from state registration.